ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 22, 2013

Tim F. Branaman, Ph.D.
Chair, Texas State Board of Examiners
  of Psychologists
333 Guadalupe, Suite 2-450
Austin, Texas 78701

Opinion No. GA-1025

Re: Whether an individual licensed as a specialist in school psychology who is employed by a university in that capacity is exempt from the Psychologists' Licensing Act (RQ-1126-GA)

Dear Dr. Branaman:

You ask two questions on behalf of the State Board of Examiners of Psychologists (the "Board") about licensed specialists in school psychology and whether they may be exempt from the Psychologists' Licensing Act ("the Act") in specific circumstances.[1]

The Act, Occupations Code chapter 501, governs the practice of psychology. TEX. OCC. CODE ANN. §§ 501.001–.505 (West 2012 & Supp. 2013). Within the Act, the Legislature has authorized the Board to issue four separate licenses: (1) psychologist; (2) provisional license holder; (3) psychological associate; and (4) licensed specialist in school psychology ("LSSP"). *Id.* §§ 501.252, .253, .259, .260 (West 2012). "A person may not engage in or represent that the person is engaged in the practice of psychology unless the person is licensed under [the Act] or exempt under Section 501.004." *Id.* § 501.251. Section 501.004 states in relevant part:

> This chapter does not apply to . . . the activity or service of a person, or the use of an official title by the person, who is employed as a psychologist or psychological associate by a regionally accredited institution of higher education if the person performs duties the person is employed by the institution to perform within the confines of the institution . . . .

*Id.* § 501.004(a) (West Supp. 2013).[2]

---

[1]*See* Letter from Tim F. Branaman, Ph.D., Chair, State Bd. of Exam'rs of Psychologists, to Honorable Greg Abbott, Tex, Att'y Gen. at 1 (May 21, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

You ask whether a university must use the official title of psychologist or psychological associate when describing employees in order for those employees' activity and service to be exempt from the Act under section 501.004. Request Letter at 1. Section 501.004 exempts both "the activity or service of a person" and "use of an official title by the person" when employed as a psychologist or psychological associate by an entity subject to that provision. TEX. OCC. CODE ANN. § 501.004(a)(1) (West Supp. 2013). Nothing in the language of the statute requires that an official title of "psychologist" or "psychological associate" be used in order for the exemption to apply. Rather than conclude that an employee's job title is dispositive of whether the section 501.004 exemption applies, a court would likely conclude that "'the function of the position at issue'" determines whether the individual is employed as a psychologist or a psychological associate. *Cf. Patton v. Jones*, 212 S.W.3d 541, 549 (Tex. App.—Austin 2006, pet. denied) (applying the same analysis for purposes of the ministerial exception under the Free Exercise Clause of the First Amendment) (citation omitted).

Furthermore, whether an individual is employed as a psychologist or psychological associate is a question to be determined in the first instance by the employing entity. *See* Tex. Att'y Gen. Op. No. JC-0321 (2001) at 7 (explaining that whether a particular activity or service is beyond the scope of a licensee's employment is a question for the regionally accredited institution of higher education in the first instance). "It is, after all, the employing [entity] that has established any particular employee's scope of employment." *Id.* Thus, section 501.004 does not require a university to use the official title of "psychologist" or "psychological associate" when describing employees in order for those employees' activity or service to be exempt from the Act under section 501.004.

You also ask whether, pursuant to section 501.004, "an individual licensed as a specialist in school psychology (LSSP) who is employed by a regionally accredited institution of higher education (University) *as an LSSP*, is exempt from" the Act. Request Letter at 1. You explain that your question arises because while section 501.004 expressly exempts "the activity or service of individuals employed as psychologists or psychological associates by a University, the Act contains no such exemption for LSSPs." *Id.* at 2.

Although you phrase your question in terms of whether an individual is exempt, subsection 501.004(a) does not provide a blanket exemption for an individual. *See* TEX. OCC. CODE ANN. § 501.004(a) (West Supp. 2013). Instead, it exempts the activity or service that an individual performs as a psychologist or psychological associate employee of a specified entity. *Id.*; Tex. Att'y Gen. Op. No. JC-0321 (2001) at 6. And as discussed above, it is not the employee's title that is relevant, but the activity or service that determines the capacity in which a university employs a person as a psychologist or a psychological associate.

---

[2]The Act does not define "regionally accredited institution of higher education." The Board has defined the term as "an educational institution which satisfies the standards of the accrediting association" for the region in which the institution is located. 22 TEX. ADMIN. CODE § 463.6 (2013).

The Act authorizes psychologists to "engage in the practice of psychology." TEX. OCC. CODE ANN. § 501.002(5) (West 2012); *see id.* § 501.003(b) (explaining what it means to be "engaged in the practice of psychology"). Thus, a university to which section 501.004 applies could employ an individual with an LSSP license—or an unlicensed individual—to engage in the practice of psychology, and all activity or service performed within the scope of that employment would be exempt. *See* Tex. Att'y Gen. Op. No. JC-0321 (2001) at 6 ("Whether or not the employee . . . is licensed is irrelevant."). As this office noted in a prior opinion, by exempting from the Act's application the activity or service of an employee of a regionally accredited institution of higher education, where the activity or service is within the scope of employment, the Legislature has indicated that generally "the Board is not to interfere in the workings of" those entities. *Id.* at 7.

### S U M M A R Y

A university is not required to use the official title of "psychologist" or "psychological associate" when describing employees in order for those employees' activity or service to be exempt from the Psychologists' Licensing Act under Occupations Code section 501.004.

A university subject to section 501.004 could employ a licensed specialist in school psychology as a psychologist or psychological associate, and that individual's activity or service performed within the scope of the employment would be exempt from the Psychologists' Licensing Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee